UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOLOMONA RICKY PATU,<br><br>                  Plaintiff,<br><br>  v.<br><br>LEE STEMLER, et al.,<br><br>                  Defendant. | CASE NO. 2:22-cv-00693-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

On May 23, 2022, Plaintiff, a prisoner, submitted a proposed 42 U.S.C. § 1983 complaint and motion for leave to proceed *in forma pauperis* (IFP). Dkt. 1. More than three of the numerous complaints Plaintiff has filed in this Court have been dismissed as frivolous or for failure to state a claim. The Court according recommends finding Plaintiff ineligible to proceed IFP; Plaintiff be directed to pay the filing fee within 21 days of adoption of this recommendation; and the matter be dismissed if Plaintiff fails to do so.

Plaintiff brings an action against Prison Resolution Specialists Lee Stemler, Rose Stephan, and Brandi Blair. He alleges Defendant Stemler violated Plaintiff's rights by addressed most of Plaintiff's grievances at level I without conferring with Plaintiff, and not responding in a timely manner to grievances. Plaintiff alleges Defendant Rose violated his rights by answering

REPORT AND RECOMMENDATION - 1

his grievances and thereby "compromising" Plaintiff's grievances. Plaintiff claims Defendant Blair violated his rights in the way his grievance was handled.

## DISCUSSION

Plaintiff is a prisoner who has filed three or more civil actions which have previously been dismissed as frivolous or for failure to state a claim. He is barred from bringing any other civil action or appeal IFP unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A review of the Court's records shows at least three of the cases Plaintiff filed while incarcerated were dismissed as frivolous or for failure to state a claim.

In *Patu v. Albert*, Plaintiff's case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Dkt. 14 in Case No. 14-765 MJP. In *Patu v. Lee, et al.,* Plaintiff's case was dismissed for failure to state a claim and the dismissal counted as a strike under Section 1915(g) (appeal pending). *See* Dkt. 14 and 17 in Case No. 15-5332 RJB. In *Patu v. Albert,* Plaintiff's case was dismissed for failure to state a claim. *See* Dkt. 11, 13-14 in Case No. 15-722 RSM. And in *Patu v. Bennett,* Plaintiff's case was dismissed for failure to state a claim. Dkt. 15, 16 in Case No. 14-765 MJP.

The Court's records thus establish Plaintiff is barred from proceeding IFP absent a showing he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint on April 21, 2014. See 28 U.S.C. § 1915(g).

Plaintiff alleges his rights were violated by the manner in which his grievances have been handled. The complaint does not indicate when the alleged mishandling of the grievances occurred. Plaintiff also alleges the manner in which his grievances are handled puts him in "imminent danger" though there are no facts supporting this. The complaint provides no basis to conclude Plaintiff was under "imminent danger of serious physical injury," when he filed his

REPORT AND RECOMMENDATION - 2

complaint on May 23, 2022. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). The Court has liberally construed the facts alleged and finds Plaintiff ineligible to file this lawsuit in federal court without paying $400.00 ($350.00 filing fee plus $50.00 administrative fee). *See* 28 U.S.C. § 1915(g); *see also, Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (holding that once the prisoner has been placed on notice by the district court of potential disqualification for IFP status under § 1915(g), "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status").

The Court accordingly recommends Plaintiff's IFP application (Dkt. 1) be **DENIED** based on the three-strikes rule of 28 U.S.C. 1915(g); within 21 days of adoption of this recommendation, Plaintiff must pay the $400.00 filing fee in order to proceed with his complaint; and that if he fails to do so the case will be dismissed.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, Plaintiff shall not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters judgment in the case.

Objections may be filed no later than **June 7, 2022.** The Clerk should note the matter for **June 10, 2022**, as ready for the District Judge's consideration. Objections shall not exceed five pages. The failure to timely object may affect the right to appeal.

DATED this 24th day of May, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3